# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

ZAMAN KABEER SHIRAZI,         )  No. CV 16-08037-AS
                              )
               Plaintiff,   )  **MEMORANDUM OPINION AND ORDER OF**
     v.                      )  **REMAND**
                              )
NANCY A. BERRYHILL,[1]        )
Acting Commissioner of Social )
Security,                     )
                              )
               Defendant.   )
                              )

## PROCEEDINGS

On October 28, 2016, Zaman Kabeer Shirazi ("Plaintiff") filed a Complaint seeking review of the Commissioner's denial of Plaintiff's application for Supplemental Security Income ("SSI"). (Docket Entry No. 1). On March 27, 2017, Defendant filed an Answer to the Complaint and the Certified Administrative Record ("AR"). (Docket Entry Nos. 23-24). The parties have consented to proceed before a

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security and is substituted for Acting Commissioner Carolyn W. Colvin in this case. See 42 U.S.C. § 205(g).

1

United States Magistrate Judge. (Docket Entry Nos. 17, 18). On June 19, 2017, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions on Plaintiff's sole claim. (Docket Entry No. 25).

**SUMMARY OF ADMINISTRATIVE DECISION**

On October 3, 2013, an application for SSI was filed on behalf of Plaintiff, a child under age 18,[2] alleging disability beginning on June 19, 2013. (AR 161-70). On March 19, 2015, the ALJ examined the record and heard testimony from Plaintiff's father. (AR 35-47). On April 16, 2015, the ALJ denied Plaintiff benefits in a written decision. (AR 11-27).

The ALJ applied the three-step sequential evaluation in determining whether Plaintiff, as an individual under the age of 18, was disabled. (AR 12-16). At step one the ALJ must determine whether the Plaintiff has engaged in substantial gainful activity since the date of application; at step two the ALJ must determine whether Plaintiff had a medically determinable severe impairment or combination of severe impairments; at step three the ALJ must determine whether Plaintiff had an impairment or combination of impairments that meets or medically equals the severity of a Listing, or that functionally equals a Listing. See 20 C.F.R. § 416.924. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after the alleged onset date

---

[2] Plaintiff was sixteen years old in October 2013 when the application was filed and seventeen years old at the time the decision was issued.

of October 3, 2013. (AR 14). At step two, the ALJ found that Plaintiff had the following impairments: attention deficit hyperactivity disorder, depression, spina bifida and was overweight. (AR 14). At step three, the ALJ determined that Plaintiff's impairments or combination of impairments did not meet, medically equal or functionally equal the severity of a Listed Impairment as found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 14-26). This determination was based on the ALJ's finding that Plaintiff did not have a marked or extreme limitation in any of the applicable six functional domains. Specifically, the ALJ found that Plaintiff had (1) moderate or less than marked limitation in acquiring and using information; (2) moderate or less than marked limitation in attending and completing tasks; (3) mild to moderate or less than marked limitation in interacting and relating with others; (4) no limitation in moving and manipulating objects; (5) mild or less than marked limitation in the ability to care for himself; and (6) mild or less than marked limitation in health and physical well-being. (AR 20-26). Accordingly, the ALJ concluded that Plaintiff had not been disabled, as defined in the Social Security Act, since October 3, 2013, the application date. (AR 27).

The ALJ noted that Plaintiff had regularly been seeing his treating psychiatrist, Elsa Cruz, M.D., from June 2013 through 2015. (See AR 303-19, 322-28, 406-15, 453-58, 467-71, 525-533). During an initial assessment dated June 25, 2013, Dr. Cruz found that Plaintiff had difficulty concentrating and poor focus and diagnosed him with Major Depressive Disorder and Attention Deficit Hyperactivity Disorder ("ADHD"). (AR 303-11). In a letter dated

3

March 11, 2015, Dr. Cruz found that while Plaintiff had "some improvement with medications," "his overall clinical presentation demonstrate[d] significant problems in the area of inattention, focus, and concentration," (AR 533) and opined that Plaintiff had "marked and severe limitations in his ability to acquire and use information and in attending and completing tasks." (Id.). The ALJ rejected this opinion finding it to be inconsistent with Dr. Cruz's own treatment notes.[3] (See AR 15-18).

In determining the severity of Plaintiff's limitations, the ALJ gave substantial weight to the opinion of Ashak Khushalani, M.D., an impartial medical expert. (AR 18). In response to an interrogatory dated January 1, 2015, Dr. Khushalani found Plaintiff had (1) a severe limitation in the ability to do complex cognitive activity; (2) a mild limitation in responding appropriately to supervision and authority and in responding appropriately to others; and (3) no limitation in understanding simple instructions, remembering and carrying out simple instructions, making simple age related decisions, responding to usual situations and handling changes in routine daily activity settings. (AR 516-24). Therefore, Dr. Khushalani found Plaintiff "capable of handling simple tasks involving occasional contact with the general public[.]" (AR 18)

On June 1, 2015, Plaintiff requested the Appeals Council to review the ALJ's Decision. The Appeals Council denied Plaintiff's request on August 24, 2016. (AR 1). The ALJ's decision then became

---

[3] "Because of the inconsistencies noted between the most recent opinion and the previous progress/treating notes from the same medical source, I reject the opinion of Dr. Cruz." (AR. 18).

the final Decision of the Commissioner, allowing this Court to review the Decision. See 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

This court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001). As a result, "[i]f the evidence can reasonably support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**PLAINTIFF'S CONTENTION**

Plaintiff asserts that the ALJ improperly rejected the opinion of the treating physician, Dr. Cruz. (See Joint Stip. at 4-9, 17).
//
//
//

**DISCUSSION**

After reviewing the record, the Court finds that the ALJ's reason for rejecting the opinion of Dr. Cruz, Plaintiff's treating physician, was not specific and legitimate. Accordingly, the Court REMANDS this matter for further consideration.

**A.  The ALJ's Reason for Rejecting The Opinion Of the Treating Physician, Dr. Cruz, Was Not Specific and Legitimate**

Plaintiff contends that the ALJ did not provide sufficiently specific and legitimate reasons to reject the opinion of Dr. Cruz for the following reasons: (1) substantial evidence did not support the ALJ's conclusion that Dr. Cruz's opinion conflicts with the evidence; (2) the ALJ erroneously considered statements in the treating notes suggestive of improvement when such statements did not indicate that Plaintiff could function effectively; (3) Plaintiff's actual level of academic improvement was clouded by the academic accommodations Plaintiff was receiving, which the ALJ did not take into consideration; (4) the ALJ erred in finding that Dr. Cruz's treatment notes reflected mild to moderate limitations in all areas of mental functioning when the cited records covered only daily functioning and academic functioning; and (5) the record as a whole did not contain significant evidence which justified giving more weight to Dr. Khushalani than to Dr. Cruz. (Joint Stip. at 6-9).

Defendant asserts that the ALJ properly rejected Dr. Cruz's opinion for the following reasons: (1) her opinion conflicted with other medical opinions in the record and was the only medical opinion that suggested such severe limitations; (2) her opinion was unsupported by the record as a whole; and (3) her opinion was not supported by her own treatment records. (Joint Stip. at 10-15).[4]

Social Security regulations require the Agency to "evaluate every medical opinion we receive," giving more weight to evidence from a claimant's treating physician. 20 C.F.R. § 404.1527(c). If the treating or examining physician's opinions are not contradicted, they can only be rejected with clear and convincing reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Where a treating or examining physician's opinion is contradicted by another doctor, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. Id. at 830-831. While the opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies rejecting the opinion of a treating physician, id. at 831, it may serve as substantial evidence when it is consistent with "independent clinical findings or other evidence in the record." Thomas v. Barnhart, 278 F.3d 947, 957 (9th

---

[4] Although Defendant asserts multiple reasons the ALJ's rejection of Dr. Cruz's opinion (see Joint Stip. at 10-15), the *only* reason that the ALJ provided for rejecting Dr. Cruz's opinion was the "inconsistencies" between Dr. Cruz's treatment notes and her opinion. Therefore, in determining whether the ALJ erred in failing to provide a specific and legitimate reason for rejecting the opinion of Dr. Cruz, the Court will only consider the ALJ's stated basis for rejecting Dr. Cruz's opinion. See Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citing Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001)); Trevizo v. Berryhill, No. 15-16277, 2017 WL 2925434, at *6, *n.4 (9th Cir. July 10, 2017).

7

Cir. 2002). An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof and making findings." Garrison, 759 F.3d at 1012 (citations omitted).

Since Dr. Cruz's opinion was contradicted by the opinion of Dr. Khushalani, the ALJ was required to provide specific and legitimate reasons to reject Dr. Cruz's opinion. See Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014).

The ALJ erred in rejecting Dr. Cruz's opinion on the grounds that it was inconsistent with her own treatment notes. As set forth below, the treatment notes cited by the ALJ (see AR 16-18, citing AR 303-19, 322-28, 406-15, 453-58, 467-71, 525-533) did not *contradict* Dr. Cruz's opinion that Plaintiff had marked and severe limitations in the ability to acquire and use information and in attending and completing tasks. Dr. Cruz's initial assessment of Plaintiff on June 25, 2013 was that Plaintiff had difficulty concentrating and focusing, did not understand the questions posed to him, and was receiving school counseling for his academic impairments. (AR 303-11). A treatment note from July 22, 2013 concluded that Plaintiff had difficulty concentrating, was hyperactive, highly distractible and anxious. (AR 312-13). A September 10, 2013 treatment note found that Plaintiff appeared disinterested, poorly focused, fidgety, anxious, depressed and that his symptoms mild to moderately interfered with his daily social functioning. (AR 319). A treatment note from November 6, 2013 noted that Plaintiff was

anxious, fidgety, giggling and could not focus or concentrate. (AR 324-28). A treatment note from December 3, 2013 stated that Plaintiff had reported that his grades in school were getting better, and that he was fidgety, anxious and needed encouragement to talk about his symptoms. (AR 468). A treatment note from April 1, 2014 noted that Plaintiff acted silly, giggled often, had low interest and low motivation. (AR 408-09). A treatment note from April 22, 2014 described Plaintiff as poorly focused, easily distracted, and giggling with rapid and pressured speech. (AR 410-11). A treatment note from October 30, 2014 stated that Plaintiff was more interested in academics, was focusing poorly with poor concentration and was fidgety. (AR 529-30). A treatment note from December 1, 2014 found that Plaintiff was noticeably less giggly, less anxious, had poor focus and attention and that his ADHD symptoms mild to moderately interfered with his daily social functioning. (AR 527-28). Finally, a January 1, 2015 treatment note showed that Plaintiff's grades were improving, he had fair eye contact, was fidgety and restless, had poor focus and concentration and a good response to medication. (AR 525-26).

These treatment notes did not reflect Plaintiff's ability to acquire and use information and attend and complete tasks. Although the ALJ provided an extensive history of Plaintiff's medical records, the ALJ failed to specify in what respect Dr. Cruz's notes were inconsistent with her opinion about Plaintiff's ability to acquire and use information and attend and complete tasks. Thus, the ALJ failed to set out "a detailed and thorough summary of the

9

facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (quoting Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986)). See Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctor's, are correct") (quoting Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)). Therefore, the ALJ erred in failing to provide a specific and legitimate reason for rejecting the opinion of Dr. Cruz.

To the extent that the ALJ relied on treatment notes reflecting occasional periods of improvement and positive response to medication (see AR 16-17, citing AR 321-29, 525-531), these must be "read in context of the overall diagnostic picture" the treating physician describes. Holohan v. Massanari, 246 F.3d 1195, 1205 (9th Cir. 2001). Although those treatment notes indicated some improvement in Plaintiff's condition, they also consistently revealed that Plaintiff had difficulties concentrating, focusing and maintaining attention. See Ghanim, 763 F.3d at 1161 (treatment notes that consistently reflected recurring symptoms did not support the ALJ's conclusion that the treating physician's opinion was inconsistent with treatment notes); Trevizo, 2017 WL 2925434, at *8 (the ALJ's rejection of treating physician's opinion for inconsistencies between treatment notes and opinion was not a specific and legitimate reason where no interpretation of inconsistencies was proffered).

**B.   The Court Cannot Conclude That The ALJ's Error Was Harmless**

"[H]armless error principles apply in the Social Security . . . context." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing Stout, 454 F.3d at 1054). Generally, an ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination." Stout, 454 F.3d at 1055.

The Court cannot conclude that the ALJ's error was harmless. The ALJ's rejection of Dr. Cruz's opinion was integral to the ALJ's determination that Plaintiff did not functionally equal a Listed Impairment. Because the Court cannot determine that the ALJ's error was "inconsequential to the ultimate nondisability determination," the error cannot be deemed harmless. See id.

**C.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640

F.3d 881, 888 (9th Cir. 2011); Harman, 211 F.3d at 1179-81.

Here, the Court remands because the ALJ failed to support his stated reason for rejecting Dr. Cruz opinion – that the opinion was inconsistent with the treatment notes – with citations to the record. The record does not affirmatively establish what weight the ALJ was required to Dr. Cruz's opinion, nor does it establish that the ALJ would necessarily be required to find Plaintiff disabled if these deficiencies were remedied. Remand is therefore appropriate.

**CONCLUSION**

For the foregoing reasons, the decision of the Commissioner is REMANDED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 1, 2017.

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE